FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 19 2026
TAMMY H. DOWNS, CLERK
By: ____ DEP CLERK

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF ARKANSAS**

Madison Hedrick,
14611 Cecil Dr, Little Rock, AR 72223
(501) 830-7622 | Mlhedrick@ualr.edu
Plaintiff, *pro se*,

v. Case No. 4:26-cv-1148-DPM

Artivion, Inc.,
1655 Roberts Boulevard, N.W.
Kennesaw, GA 30144
Defendant.

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**
**Jury Trial Demanded: Yes**

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

## I. The Parties

**A. Plaintiff.** Madison Hedrick, residing in Pulaski County, Arkansas.

**B. Defendant.** Artivion, Inc., a Delaware corporation with its principal executive offices at 1655 Roberts Boulevard, N.W., Kennesaw, Georgia 30144. Defendant employed Plaintiff as Project Manager & Senior Regulatory Medical Writer. Defendant employs more than 15 employees and is an employer within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12111(5).

## II. Basis for Jurisdiction

This Court has federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiff brings claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 and 12203 (disability discrimination and retaliation).

Plaintiff exhausted administrative remedies: she timely initiated EEOC proceedings on June 8, 2026 (Inquiry No. 493-2026-02344); the matter proceeded as EEOC Charge No. 410-2026-12542 before the EEOC Little Rock Area Office. The EEOC issued a Determination and Notice of Right to Sue dated September 17, 2026, which Plaintiff received on September 18, 2026. Copies of the

charge and the notice are attached as Exhibits A and B. This complaint is filed within 90 days of receipt of the notice.

## III. Statement of Claim

The discriminatory conduct occurred in Arkansas, where Plaintiff worked remotely for Defendant.

1. Plaintiff was employed by Defendant from March 2022 through June 8, 2026, as Project Manager & Senior Regulatory Medical Writer, working remotely from Arkansas.
2. Plaintiff has documented medical conditions, including recurrent seizures and neurological memory impairment resulting from a head injury sustained during a May 2025 work trip, which substantially limit major life activities. Plaintiff is an individual with a disability within the meaning of the ADA.
3. Beginning in February 2026, Plaintiff pursued an ADA accommodation claim with Defendant. On February 5, 2026, Defendant's Total Rewards Manager wrote that Defendant's short-term disability, long-term disability, **and** ADA accommodation programs are all administered by New York Life.
4. Plaintiff also requested intermittent leave. New York Life, as Defendant's administrator, approved intermittent FMLA leave under Claim No. NTN-5300461 for the period March 17, 2026 through September 16, 2026.
5. On or about March 4, 2026 — as Plaintiff was in the process of requesting FMLA paperwork — Defendant informed Plaintiff she was being placed on a Performance Improvement Plan. The PIP memorandum is dated February 11, 2026, but it was not sent to Plaintiff for signature until March 10, 2026. Plaintiff disputed the PIP, and her signature did not indicate agreement.
6. Plaintiff alleges that the February 11, 2026 date on the PIP memorandum does not reflect when the memorandum was created or first communicated to Plaintiff, and that Plaintiff did not receive counseling during the June through December 2025 period described in the memorandum. Plaintiff first learned of the PIP on or about March 4, 2026.
7. On March 18, 2026, Plaintiff requested removal from the Performance Improvement Plan as an ADA accommodation. Plaintiff had engaged in Defendant's accommodation process in good faith and did not understand that Defendant was not accommodating her until the PIP was imposed.

8. On June 8, 2026, Defendant terminated Plaintiff's employment. At that time, Plaintiff's approved intermittent FMLA leave remained in effect through September 16, 2026, and New York Life had approved eight hours of FMLA leave for June 8, 2026 itself.

9. Plaintiff alleges that Defendant discriminated against her because of her disability, in violation of 42 U.S.C. § 12112, including by failing to reasonably accommodate her and by terminating her employment.

10. Plaintiff alleges that Defendant retaliated against her for engaging in ADA-protected activity — pursuing an ADA accommodation and requesting leave — in violation of 42 U.S.C. § 12203. The PIP was imposed immediately after Plaintiff requested FMLA paperwork, and her termination followed while her approved leave remained in effect.

11. Plaintiff alleges she was a qualified individual: she performed the essential functions of her position, with or without reasonable accommodation, throughout her employment.

## IV. Relief Requested

Plaintiff respectfully asks this Court to:

a. Declare that Defendant violated the Americans with Disabilities Act;
b. Award back pay and front pay (or reinstatement);
c. Award compensatory and punitive damages as permitted by law;
d. Award reasonable attorney's fees and costs; and
e. Grant such other relief as the Court deems just.

## V. Certification and Closing

By signing below, Plaintiff certifies under Federal Rule of Civil Procedure 11 that this complaint is filed in good faith, is not frivolous, and that the factual contentions have or will have evidentiary support.

Date: 10/19/26

_________________________________
Madison Hedrick, Plaintiff *pro se*

14611 Cecil Dr, Little Rock, AR 72223

(501) 830-7622 | Mlhedrick@ualr.edu

***Exhibits:*** *A — EEOC Charge No. 410-2026-12542 (copy); B — EEOC Determination and Notice of Right to Sue dated September 17, 2026 (copy).*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/17/2026

**To:** Madison Hedrick
14611 Eecil Drive
Little Rock, AR 72223
Charge No: 410-2026-12542

EEOC Representative and email: Jennifer Bessick
Local Office Director
jennifer.bessick@eeoc.gov

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2026-12542.

On behalf of the Commission,

Digitally Signed By: Darrell E. Graham
09/17/2026

Darrell E. Graham
Director

**Cc:**
Matt Henson
Artivion, Inc.
1655 Roberts Blvd. NW
Kennesaw, GA 30144

Lucy Fitzhugh Esq.
Punchwork Law
1 Riverfront Place, Suite 745
N. Little Rock, AR 72114

Please retain this Notice for your records.